# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

Deborah Boyce,
      Plaintiff,        Case No.:

v.

Sun Life Assurance Company
of Canada,
      Defendant.

**COMPLAINT**
STATEMENT OF THE CASE

1. This is an action for damages, equitable relief and attorney fees and costs under the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. § 1001, *et seq.,* specifically 29 U.S.C. § 1132(a)(1)(b).

**JURISDICTION AND VENUE**

2. This Court has jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1337, as well as 29 U.S.C. § 1132(e) and 29 U.S.C. §1132(f).

3. Venue is proper in this district, pursuant to 28 U.S.C. § 1391(b) and (c), because the breach of the employee benefits contract between the parties occurred within this district.

**PARTIES AND GENERAL ALLEGATIONS**

4. Plaintiff, Deborah Boyce, is a resident of Pasco County, Florida  At all times relevant hereto Plaintiff, Deborah Boyce, was an "employee" of her "employer", Kimmins Corp., as those terms are defined in 29 U.S.C. §§ 1002(5) and (6).

5. Defendant, Sun Life Assurance Company of Canada, is a foreign corporation and a fiduciary with respect to such claim and does business in the Middle District of Florida.

6. At all times relevant hereto Plaintiff was a "participant" in and a "beneficiary" of a long-term disability insurance plan, as those terms are defined by 29 U.S.C. §§ 1002(7) and (8), and her insurance premium required for coverage under the LTD PLAN had been fully paid or otherwise satisfied.

7. The LTD PLAN is an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1), and may be sued under ERISA as an entity, pursuant to 29 U.S.C. § 1132(d)(1).

8. At all times relevant hereto Plaintiff's employer, Kimmins Corp. was the "plan sponsor" as that term is defined by 29 U.S.C. § 1002(16)(B).

9. At all times relevant hereto Defendant, Sun Life Assurance Company of Canada, is the "administrator", of the LTD PLAN, and a "fiduciary" as those terms are defined by 29 U.S.C. §§ 1002, (16) and (21).

10. At all times relevant hereto the LTD PLAN provided for payment of long-term disability benefits in the event Plaintiff became "disabled", as defined in the LTD PLAN.

11. At all times relevant hereto, Plaintiff was "disabled" as that term is defined in the LTD PLAN and this claim relates to benefits under the foregoing plan.

12. Plaintiff has filed or caused to be filed proofs of claim and performed all other conditions precedent to recovering benefits under the LTD PLAN for the loss or losses herein claimed.

13. Plaintiff has exhausted her administrative remedies.

## FACTS

14. Plaintiff realleges and reaffirms paragraphs 1 through 13 of the Complaint, incorporating them by reference herein as if specifically restated.

15. At all times material to this action there was in full force and effect an insurance plan for long-term disability benefits constituting a binding contract of insurance between the parties.

16. The purpose of the plan was to pay to Plaintiff, Deborah Boyce, a specified monthly sum in the event that she became disabled. "Disability" and "Disabled" is defined in the policy to mean:

> "Disability and Disabled means that during the Elimination Period and the next 24 months:
> - You are unable to perform all the Material and Substantial Duties of your Regular Occupation and you are not working in your Regular Occupation or any other occupation for which you are reasonably trained or qualified.
> OR
> - You are unable to perform one or more of the Material and Substantial Duties of your regular occupation and you have Disability Earnings of less than 80% of your Indexed Total Monthly earnings while working in your Regular Occupation or any other occupation or which you are reasonably trained or qualified.
>
> After 24 months of benefit payments you will continue to be Disabled if:
> - You are unable to perform all of the Material and Substantial Duties of Any occupation and you are not working.
> OR
> - You are unable to perform one or more of the Material and Substantial Duties of Any Occupation and you have Disability Earnings of less than your Gainful Occupation Percentage as shown in the Benefit Highlights while working in any occupation or which you are reasonably trained or qualified."

17. Plaintiff was an eligible plan participant of the long-term disability plan at all times material to this action

18. Plaintiff became disabled and stopped working on July 27, 2021 due to multiple sclerosis, fibromyalgia, degenerative disc disease, psoriatic arthritis, and hip and labral tear. The claim for Long-term disability benefits was denied on November 19, 2021. The Plaintiff filed an appeal dated December 31, 2021, which was subsequently denied by letter of April 28, 2022.

19. During this time period, Plaintiff's disability was fully supported by her treating physicians.

20. Since July 27, 2021, the Plaintiff has continued to meet the definition of disability as defined by the Policy and continues to be disabled from not only her occupation but any occupation. She has not worked in any occupation for which she is or may reasonably become qualified for based on her education, training and experience.

21. By the terms of the Defendant's Policy, the Plaintiff applied for Social Security Disability.

22. Plaintiff has entered into a Contract of Representation and has agreed to pay the undersigned an attorney's fee for representation.

### COUNT ONE

### Action to Recover Plan Benefits
### Pursuant to 29 U.S.C. § 1132(a)(1)(B)

23. Plaintiff realleges and realleges paragraphs 1 through 22 of the Complaint, incorporating them by reference herein as if specifically restated.

24. Defendant has failed and refused to pay Plaintiff sums due pursuant to the terms of the LTD PLAN since July 27, 2021 and continuing.

25. Plaintiff is entitled to recover attorney's fees and costs of litigation as authorized by 29 U.S.C. § 1132(g).

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an Order granting relief from Defendant for benefits due under the LTD PLAN through specific performance of the contract between the parties, together with interest, costs of litigation and attorney's fees.

# COUNT TWO

**Action to Clarify Right to Receive Plan Benefits
Pursuant to 29 U.S.C. § 1132(a)(1)(B)**

26. Plaintiff realleges and reavers paragraphs 1 through 22 of the Complaint, incorporating them by reference herein as if specifically restated.

27. Plaintiff is entitled to benefits under the LTD PLAN.

28. Defendant has denied that Plaintiff is entitled to benefits under the LTD PLAN from July 27, 2021 and continuing.

29. Plaintiff is entitled to clarification of her right to reinstatement under the LTD PLAN.

30. Plaintiff is entitled to recover attorney's fees and costs as authorized by 29 U.S.C. § 1132(g).

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an order declaring his/her right to benefits from July 27, 2021 and continuing under the LTD PLAN, pursuant to 29 U.S.C. § 1132(a)(1)(B), and award her attorney's fees and costs of litigation pursuant to 29 U.S.C. § 1132(g).

Dated this 11th day of April, 2022.

Respectfully Submitted,

*/s/ Nancy L. Cavey*
NANCY L. CAVEY, ESQUIRE
Florida Bar No.: 300934
LAW OFFICES OF NANCY L. CAVEY
1700 66th Street N. Suite 504
St. Petersburg, FL 33710
(727) 894-3188 – Phone
(727) 354-4061 – Fax
cavey@tampabay.rr.com
Attorney for Plaintiff